UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KINGA POLITANSKA | No. 18 CR 809<br><br>Judge Jorge Alonso |

**GOVERNMENT'S SENTENCING MEMORANDUM**

On November 29, 2018, defendant Kinga Politanska was indicted on five counts of bank fraud, in violation of Title 18, United States Code, Section 1344(1). On September 4, 2019, the defendant entered a plea of guilty to Count One of the indictment pursuant to a plea agreement. The defendant's sentencing hearing is scheduled before the Honorable Jorge Alonso on March 3, 2020, at 2:00 p.m.

For the reasons that follow, the government believes a sentence of 20 months' imprisonment is sufficient, but not greater than necessary, to accomplish the goals of sentencing.

**I. Preliminary Advisory Sentencing Guidelines Calculation**

The Sentencing Guidelines to be considered in this case are those in effect at the time of sentencing. *See* U.S.S.G. § 1B1.11(a). The following statements regarding the application of the Sentencing Guidelines are based on the November 2018 Guidelines Manual.

    **A. Offense Level Calculations**

The base offense level is 7, pursuant to Guideline § 2B1.1(a)(1). It is the government's position that the offense level is increased by 18 levels, pursuant to

Guideline § 2B1.1(b)(1)(J), because the intended loss of approximately $5,919,085 was more than $3,500,000 but less than $9,500,000.

Defendant argues the measure of the loss should be the actual loss instead of the intended loss. The law does not support this position. In *United States v. Kipta*, the Seventh Circuit affirmed the district court's decision to apply an intended loss theory in a scheme similar to defendant's. *See* 212 F.3d 1049, 1052 (7th Cir. 2000) ("As was the case in *Strozier*, Kipta's scheme was not based on a float in which checks are circulated back and forth between two accounts, a situation which limits the amount available for withdrawal and the corresponding risk of loss. Instead, Kipta used the fraudulent letter and checks she knew would bounce to inflate the balance only in the First Chicago account and then caused checks to be drawn against this inflated balance. The district court did not err in basing Kipta's amount of loss calculation on the value of the intended, rather than the actual, loss.") Like in *Kipta*, Politanska and Malec's fraud involved inflating a bank account and then extracting the inflated funds. It was not a traditional check kite scheme in which funds were moved around different accounts in a circle (and where an actual-loss theory might be appropriate).

### B. Criminal History Category

With regard to determining defendant's criminal history points and criminal history category, based on the facts now known to the government, defendant's criminal history points equal one and defendant's criminal history category is I.

### C. Anticipated Advisory Sentencing Guidelines Range

Therefore, based on the facts now known to the government, the anticipated offense level after timely acceptance is 22, which, when combined with the anticipated criminal history category of I, results in an anticipated advisory sentencing guidelines range of 41–51 months' imprisonment, in addition to any supervised release, fine, and restitution the Court may impose.

## II. Defendant's Cooperation

As reflected in the plea agreement, the defendant has provided substantial assistance.



[REDACTED]

Based upon this cooperation, the government intends to move for a downward departure pursuant to Guideline § 5Kl.l. In connection with that motion, the government will recommend a sentence of one-half off the low end of the Guidelines range, or 20 months' imprisonment. The defendant is free to recommend any sentence permitted by law.

### III. Section 3553(a) Factors

#### A. Nature and Circumstances of the Offense

The nature and circumstances of the offense are well documented in the presentence investigation report and the plea agreement.

It is the government's position that Politanska should be ordered to pay restitution to the sole victim, Chase, jointly and severally with her co-defendant, Cristian Malec, in the amount of the full loss: $895,454.93.

### B. History and Characteristics of the Defendant

In light of the court's order allowing the defense to file portions of its brief under seal, the government will address the history and characteristics of the defendant at the sentencing hearing.

### C. Need for the Sentence Imposed to Reflect the Seriousness of the Offense, Promote Respect for the Law, Provide Just Punishment, and Afford Adequate Deterrence

This is a serious offense that caused considerable loss and had an even greater intended loss. The sentence in this case should reflect the seriousness of this offense and seek to deter others from doing what Politanska and Malec did.

## IV. Supervised Release

The government recommends a term of supervised release of three years with the following conditions:

In order to afford adequate deterrence to criminal conduct, protect the public, and assist in defendant's rehabilitation, the government recommends mandatory conditions 1, 2, 5, and 6. In order to facilitate supervision by the probation officer, thus assisting in encouraging the defendant's compliance with the law and deterring the defendant from future crimes, the government recommends discretionary conditions 1, 2, 4, 6, 7, 8, 9, 14, 15, 16, 17, and 18, and special condition 11. In order to support the defendant's rehabilitation and reintegration into the community and help ensure that the defendant is engaged in lawful pursuits, the government recommends special conditions 3, 5, 6, 7, and 10.

        Respectfully submitted,

        JOHN R. LAUSCH, JR.
        United States Attorney

By:    /s/ *Andrew C. Erskine*
        ANDREW C. ERSKINE
        Assistant U.S. Attorney
        219 South Dearborn Street, 5th Floor
        Chicago, Illinois 60604
        (312) 353-1875

        Dated: February 25, 2020